No. 31,991

Roy Snodgrass, *Appellant*, v. Charles W. Johnson, as Receiver of the Grenola State Bank of Grenola, et al., *Appellees*.

(40 P. 2d 383)

Opinion filed January 26, 1935.

*Thomas E. Wagstaff, Jay W. Scovel* and *Robert W. Wagstaff*, all of Independence, for the appellant.

*J. F. Deal*, of Grenola, *W. N. Banks, O. L. O'Brien* and *Walter L. McVey*, all of Independence, for the appellees.

The opinion of the court was delivered by

Smith, J.: This is an action by a depositor in a failed bank in which plaintiff asks to have his deposit declared a preferred claim.

On December 27, 1932, plaintiff shipped a carload of cattle to Kansas City. Before shipping he inquired of the State Bank of Grenola the name of its corresponding bank in Kansas City. He was told that the Fidelity National Bank and Trust Company had that relationship. On December 27 the cattle were sold and the check in payment therefor was deposited by a commission firm with the Fidelity bank to the credit of the Grenola bank. The Fidelity bank made a credit slip for the amount and forwarded it to the Grenola State Bank. This slip was received by that bank some time during business hours of December 28. It was not accepted for the reason that just before it was received the Grenola bank was declared to be insolvent by a deputy bank commissioner. The credit slip was returned to the Fidelity bank. That bank forwarded it to the general receiver for failed banks at Topeka. The receiver obtained the money from the Fidelity bank. He is holding it awaiting the outcome of this action. The trial court gave judgment for the plaintiff allowing the amount of the deposit as a common claim and denying the preference. From that judgment the plaintiff appeals. The ground upon which the trial court did this was that the evidence

failed to establish the fact that the bank was insolvent at the time the deposit was received, and also because plaintiff was in the same condition as other depositors who put their money in the bank a few days before it closed.

The theory of plaintiff is that when the bank accepted the deposit of plaintiff knowing that the bank was insolvent it was guilty of fraud on the depositor and the depositor may recover from the receiver to the extent the deposit augmented the funds coming into the hands of the receiver.

When met with the finding of the trial court that the evidence failed to establish the fact that the bank was insolvent appellant asks us to examine the record and reach a different conclusion from the evidence. Without deciding that question, we have concluded that there is no evidence that the deposit of Mr. Snodgrass augmented the funds that came into the hands of the receiver or that there was anything about the deposit of plaintiff to distinguish it from the deposits of others of that day or some days prior thereto. There is very little dispute as to the facts in this case. The plaintiff was not the only person who deposited money in the Grenola bank on December 28. Deposits in the amount of $1,154 were made on that day in addition to his. The records show that drafts in the amount of $832.12 on the Fidelity bank were paid by the Grenola bank on December 28. Thus it will be seen that more was paid out by the Grenola bank from the account it had in the Fidelity bank than was received. The deposit of plaintiff was placed in the Fidelity bank to the general credit of the Grenola bank and to the credit of plaintiff as between the Grenola bank and plaintiff. The question of the augmentation of the assets that came into the hands of a receiver was considered in *Investment Co. v. Bank*, 98 Kan. 412, 158 Pac. 68. There the court said:

"It is not enough to show that the assets of the bank were increased by the deposit to its credit of the money obtained from the plaintiff. That condition necessarily results whenever money is paid to a bank, whatever may afterwards become of it. It is not enough that what may be called the net value of the insolvent estate to be administered has been increased—that the discrepancy between the liabilities and assets is diminished—that the percentage disbursed in dividends shall be enlarged. The test is whether the money which was wrongfully obtained has been so disposed of as to increase the fund that reaches the hands of the person charged with administering the insolvent estate, to be by him distributed among the creditors." (p. 415.)

The matter of allowing one depositor a preference over other de-

positors is one that should be viewed from the standpoint of equity. Certainly it is a tragedy for this farmer to lose a large portion of the price he received for his carload of cattle, but it is no more of a tragedy than it is for the other people who deposited in the bank a short time before it closed. The record does not disclose any distinction between them. (See *Security National Bank v. Payne*, 136 Kan. 372, 15 P. 2d 410; also, *Cheney v. Johnson*, 135 Kan. 521, 11 P. 2d 709.)

The plaintiff argues here that he should have been granted a new trial on account of newly discovered evidence, but in view of the conclusion we have reached the proffered evidence was cumulative and did not present any ground that would have warranted the granting of a new trial.

The judgment of the trial court is affirmed.